IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

JUSTIN LEWIS,

    Plaintiff,

vs.

TRAILS CAROLINA LLC,

    Defendant.

_____/

CASE NO. _____

**COLLECTIVE ACTION COMPLAINT**
(Fair Labor Standards Act,
29 U.S.C. § 201 *et seq.*)

JURY TRIAL DEMANDED

## COLLECTIVE ACTION COMPLAINT

JUSTIN LEWIS ("Named Plaintiff"), on behalf of himself and those similarly situated (hereinafter referred to as "Plaintiffs"), hereby files a complaint for damages against TRAILS CAROLINA LLC (Defendant), and in support thereof would state:

## INTRODUCTION

1. Named Plaintiff has initiated the instant action or redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and Plaintiffs proper overtime compensation in violation of the FLSA.

## JURISDICTIONAL ALLEGATIONS AND VENUE

2. This Court properly maintains personal jurisdiction over Defendant because of Defendant's contact with North Carolina and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

00449674-1

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.*

4. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **PARTIES**

5. At all times material hereto Named Plaintiff was employed as a Trail Instructor (Support Staff, Assistant Staff and Lead Staff) for Defendant and was compensated as an hourly, nonexempt employee at the rate of $7.25 an hour when he worked as Support Staff, $7.35 an hour when he worked as Assistant Staff and $7.50 and hour as Lead Staff.

6. Defendant provides a Wilderness Therapy Program for adolescents and maintains its principle office location at 500 Winding Gap Road, Lake Toxaway, North Carolina. Defendant at all times material hereto was an employer as defined by the FLSA.

7. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendant as Field Instructors as hourly non-exempt employees subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendant in the three years preceding the date the instant action.

8. Named Plaintiff and Plaintiffs worked and/or work as Trail Instructors for Defendant at all times material hereto were or are subjected to the same unlawful wage policies and practices described herein.

9. Named Plaintiff and Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

10. There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

11. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

12. Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

13. Defendant provides a wilderness therapy program for adolescents providing the same a wilderness experience combined with the utilization of strong clinical assessments therapy and integration of family systems approach to overall treatment. Defendant provides a wilderness training regimen to assist adolescents' problematic behaviors by creating lasting change in the way their family interacts. Named Plaintiff worked for Defendant in its wilderness therapy program from on or about June, 2015 through January 6, 2016.

14. Defendant provides wilderness adventure camp teams to provide direct care to students while simultaneously insuring the health and wellbeing of the juveniles.

15. The wilderness training program provided by Defendant requires Field Instructors to take groups of students into the wilderness for an eight day regimen.

16. As a field instructor in all 3 positions (Support Staff, Assistant Staff and Lead Staff) Plaintiff was required to work eight straight days. Defendant compensated Plaintiff on a schedule of:

Day 1 - 16 regular rate hours ($7.25 multiplied by 16 equals $116.00)

Day 2 -16 regular rate hours ($7.25 multiplied by 16 equals $116.00)

Day 3 - 8 regular rate hours plus 8 overtime hours ($7.25 multiplied by 8 plus $14.50 multiplied by 8 equals $174.00)

Day 4 – 16 overtime hours ($14.50 multiplied by 16 equal $232.00)

Day 5 - 16 regular rate hours ($7.25 multiplied by 16 equals $116.00)

Day 6 - 16 regular rate hours ($7.25 multiplied by 16 equals $116.00)

Day 7- 8 regular hours plus 8 overtime hours ($7.25 multiplied by 8 plus $14.50 multiplied by 8 equals $174.00)

Day 8- 16 overtime hours ($14.50 multiplied by 16 equal $232.00).

17. Defendant's payment schedule is in violation of the FLSA as Defendant does not pay Named Plaintiff nor similarly situated Plaintiffs overtime hours for all hours worked over 40.

18. Specifically, Plaintiff breaks the eight day work period into two separate work weeks in order to avoid overtime pay.

00449674-1                                    4

Case 1:16-cv-00318-MR-DLH   Document 1   Filed 09/27/16   Page 4 of 8

19. Named Plaintiff and similarly situated Plaintiffs do not get 8 hours of uninterrupted sleep or 5 hours of integrated sleep and are not provided adequate sleeping facilities during their respective 8 day shifts. Defendant inappropriately provides the sleep exclusion time permitted under 29 C.F.R. 785.22 as Defendant does not have an agreement in place for such sleep exclusion, does not provide adequate sleeping facilities and Named Plaintiff and or Similarly situated employees do not get eight hours of uninterrupted sleep and/or at least five hours of integrated sleep.

20. Plaintiff worked the following 8 day shifts pursuant to the above described pay calculations:

    a. June 10 – 17, 2015 (Support Staff)

    b. June 24 – July 1, 2015 (Support Staff)

    c. July 8 – 15, 2015 (Support Staff)

    d. July 22 – 29, 2015 (Support Staff)

    e. August 5 - 12, 2015 (Assistant Staff)

    f. August 19 – 26, 2015 (Assistant Staff)

    g. September 2 – 9, 2015 (Assistant Staff)

    h. September 16 – 23, 2015 (Assistant Staff)

    i. October 1 - 7, 2015 (Assistant Staff)

    j. October 14 – 21, 2015 (Assistant Staff)

    k. October 28 – November 4, 2015 (Lead Staff)

    l. November 11 – 18, 2015 (Lead Staff)

    m. November 25 – December 2, 2015 (Lead Staff)

      n. December 9 – 16, 2015 (Lead Staff)

      o. December 30, 2015 – January 6, 2016 (Lead Staff)

21. Named Plaintiff has retained the undersigned counsel has agreed to pay him reasonable attorney's fees and costs.

22. Defendant's actions of failure to pay overtime is intentional and a knowing and willful violation of Federal Law.

23. Named Plaintiff and similarly situated Plaintiffs were not paid time and a half their regular pay for all hours they worked over 40 hours per week.

24. The same questions of law are presented for all class members working as Field Instructors for Defendant.

25. The Plaintiffs' claims encompass the challenged policy and practice of Defendant described above.

26. Plaintiffs will fairly and adequately protect the interests of the class and do not have any conflict of interest with same.

27. This action is maintainable as an "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), for FLSA claims.

28. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the parties opposing the class and adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

29. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Defendant failed to pay Plaintiffs overtime wages at a rate of one and one half times the normal hourly pay rate, for hours worked in excess of forty (40) hours per week.

31. Defendant's actions were intentional, willful, malicious and in reckless disregard of Plaintiffs' rights.

32. As a direct and approximate cause of Defendant's actions Named Plaintiff and Plaintiffs were suffered damages as set forth herein.

**WHEREFORE**, the Plaintiff requests that the Court enter judgment in their favor and award them the following relief:

a. All wages and other economic benefits lost as a result of the Defendant's unlawful acts;

b. All costs and attorney fees incurred in litigating this action;

c. Treble damages for failure to pay wages;

d. Liquidated damages pursuant to the FLSA;

e. Compensatory damages;

f. Pre- and post-judgment interest; and,

G. Any and all other legal and/or equitable relief to which Plaintiffs are nettled.

### JURY TRIAL DEMAND

Plaintiffs request a jury trial on all issues so triable.

Dated this 27th day of September, 2016.

           s/ Ben C. Scales, Jr.

           Ben C. Scales, Jr.
           NC State Bar No. 34873
           P.O. Box 7382
           Asheville NC 28802
           Telephone: 863-529-8312
           ben_scales@yahoo.com


           s/ Robert Aranda

           Robert Aranda (*pro hac vice* forthcoming)
           Florida Bar No. 988324
           VALENTI CAMPBELL TROHN
           TAMAYO & ARANDA, P.A.
           P.O. Box 2369
           Lakeland, FL 33806
           Tel: (863) 686-0043
           Fax: (863) 616-1445
           E-mail: r.aranda@vctta.com
              c.harris@vctta.com


           ATTORNEYS FOR PLAINTIFFS