UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
File No.: 1:16cv00318

| | |
|---|---|
| JUSTIN LEWIS, | ) |
| Plaintiff, | ) **TRAILS CAROLINA, LLC'S** |
| v. | ) **ANSWER TO PLAINTIFF'S** |
| | ) **COLLECTIVE ACTION COMPLAINT** |
| TRAILS CAROLINA, LLC, | ) |
| Defendant. | ) |

Defendant Trails Carolina, LLC (hereinafter "Trails Carolina") responds to Plaintiff's Collective Action Complaint as follows:

**FIRST DEFENSE AND ANSWER**

Trails Carolina answers and responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

The Complaint contains an unnumbered paragraph that precedes paragraph number 1. The allegations contained in the unnumbered paragraph are denied.

**INTRODUCTION**

1. Plaintiff's allegations contained in Paragraph 1 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 1 of the Complaint, or any other assertions to which a response may be required, the allegations contained in Paragraph 1 of the Plaintiff's Complaint are denied.

## JURISDICTIONAL ALLEGATIONS AND VENUE

2.  Plaintiff's allegations contained in Paragraph 2 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 2 of the Complaint, or any other assertions to which a response may be required, the allegations contained in Paragraph 2 of the Plaintiff's Complaint are denied.

3.  Plaintiff's allegations contained in Paragraph 3 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 3 of the Complaint, or any other assertions to which a response may be required, the allegations contained in Paragraph 3 of the Plaintiff's Complaint are denied.

4.  Plaintiff's allegations contained in Paragraph 4 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 4 of the Complaint, or any other assertions to which a response may be required, the allegations contained in Paragraph 4 of the Plaintiff's Complaint are denied.

## PARTIES

5.  It is admitted that, at one or more points in time, Plaintiff was employed by Trails Carolina. It is admitted that, at one or more points in time, Plaintiff was regarded as a Support Staff, Assistant Staff and/or Lead Staff. It is admitted that, at one or more points in time, Plaintiff was compensated at the rate of $7.25 per hour, $7.35 per hour and/or $7.50 per hour. Except as herein admitted, the allegations contained in Paragraph 5 of the Complaint are denied.

6.  Plaintiff's allegations contained in Paragraph 6 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. It is admitted that

Trails Carolina provides wilderness therapy. It is further admitted that Trails Carolina maintains an office at 500 Winding Gap Road, Lake Toxaway, North Carolina. Except as herein admitted, the allegations contained in Paragraph 6 of the Complaint are denied.

7. Plaintiff's allegations contained in Paragraph 7 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 7 of the Complaint, or any other assertions to which a response may be required, the allegations contained in Paragraph 7 of the Plaintiff's Complaint are denied.

8. The allegations contained in Paragraph 8 of the Complaint are denied.

9. Plaintiff's allegations contained in Paragraph 9 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 9 of the Complaint, or any other assertions to which a response may be required, the allegations contained in Paragraph 9 of the Plaintiff's Complaint are denied. Trails Carolina specifically denies that it has unlawful policies and practices.

10. Plaintiff's allegations contained in Paragraph 10 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 10 of the Complaint, or any other assertions to which a response may be required, the allegations contained in Paragraph 10 of the Plaintiff's Complaint are denied as Trails Carolina is without sufficient information with which to form a belief as to the truth of the allegations contained therein.

11. Trails Carolina is without sufficient information in which to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, so the same are therefore denied.

12. Plaintiff's allegations contained in Paragraph 12 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 12 of the Complaint, or any other assertions to which a response may be required, the allegations contained in Paragraph 12 of the Plaintiff's Complaint are denied.

## FACTUAL BACKGROUND

13. It is admitted that Trails Carolina provides a wilderness therapy program. It is admitted that wilderness experiences, clinical assessments and other approaches are or may be utilized by Trails Carolina. It is admitted that, in some situations, problematic behaviors are addressed. It is admitted that Plaintiff was employed by Trails Carolina from June 10, 2015 until January 13, 2016. Except as herein admitted, the allegations contained in Paragraph 13 of the Complaint are denied.

14. It is admitted that Trails Carolina provides a wilderness therapy program. It is admitted that Trails Carolina employs field instructors who provide direct care to students as they explore their wilderness adventure and work with a medical coordinator to insure the health and well-being of students. Except as herein admitted, the allegations contained in Paragraph 14 of the Complaint are denied.

15. It is admitted that field instructors sometimes work eight day shifts. Except as herein admitted, the allegations contained in Paragraph 15 of the Complaint are denied.

16. At various times, Plaintiff was employed as a Wilderness Field Instructor and, at one or more times, was designated Support Staff, Assistant Staff and/or Lead Staff. It is admitted that, at one or more points in time, Plaintiff was compensated at the rate of $7.25 per hour, $7.35 per hour and/or $7.50 per hour. It is admitted that, at one or more points in time, Plaintiff was paid overtime.

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

19. Trails Carolina is without sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and the same are therefore denied.

20. It is admitted that the Plaintiff worked on the dates listed in subparagraphs a through n of Paragraph 20 of the Complaint. It is admitted that Plaintiff worked in the staff designation listed in subparagraphs a through n of Paragraph 20 of the Complaint. Except as herein admitted, the allegations contained in Paragraph 20 of the Complaint are denied.

21. Trails Carolina is without sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and the same are therefore denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. The allegations contained in Paragraph 23 of the Complaint are denied.

24. The allegations contained in Paragraph 24 of the Complaint are denied.

25. Plaintiff's allegations contained in Paragraph 25 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 25 of the Complaint, or any other assertions

to which a response may be required, Trails Carolina is without sufficient information in which to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, so the same are therefore denied.

26. Plaintiff's allegations contained in Paragraph 26 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 26 of the Complaint, or any other assertions to which a response may be required, Trails Carolina is without sufficient information in which to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, so the same are therefore denied.

27. Plaintiff's allegations contained in Paragraph 27 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 27 of the Complaint, or any other assertions to which a response may be required, the allegations contained in Paragraph 27 of the Plaintiff's Complaint are denied.

28. Plaintiff's allegations contained in Paragraph 28 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 28 of the Complaint, or any other assertions to which a response may be required, the allegations contained in Paragraph 28 of the Plaintiff's Complaint are denied.

29. Plaintiff's allegations contained in Paragraph 29 of the Complaint set forth one or more conclusions of law to which Trails Carolina is not required to respond. To the extent that there are factual assertions contained within Paragraph 29 of the Complaint, or any other assertions

to which a response may be required, the allegations contained in Paragraph 29 of the Plaintiff's Complaint are denied.

30. The allegations contained in Paragraph 30 of the Complaint are denied.

31. The allegations contained in Paragraph 31 of the Complaint are denied.

32. The allegations contained in Paragraph 31 of the Complaint are denied.

## SECOND DEFENSE

Plaintiff's claims, and the claims of any individuals whom he alleges were similarly situated to him, are barred in whole or in part by the applicable statute of limitations.

## THIRD DEFENSE

Trails Carolina denies this action can be properly maintained as a FLSA collective action or that Plaintiff can carry his burden of establishing the requirements to obtain collective action certification, including conditional certification, under 29 U.S.C. § 216(b). Specifically, Trails Carolina asserts that Plaintiff cannot establish numerosity and that the putative collective action plaintiffs are not similarly situated in that sleep in an individualized experience.

## FOURTH DEFENSE

Trails Carolina states that Plaintiff, and the persons whom Plaintiff alleges would comprise a putative class, have received full payment for all work performed for Defendant and the affirmative defense of Payment is asserted.

## FIFTH DEFENSE

Plaintiff's claims, and the claims of any individuals whom he alleges were similarly situated to him, are barred in whole or in part by the doctrine of avoidable consequences based on Plaintiff's failure to timely report alleged violations.

7

## SIXTH DEFENSE

At all relevant and material times in this matter, Plaintiff, and any individuals he alleges were similarly situated to him, were paid in compliance with 29 U.S.C. § 207 and the affirmative defense of Payment is asserted.

## SEVENTH DEFENSE

Trails Carolina's actions with respect to Plaintiff, or any individuals he alleges were similarly situated to him, were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

## EIGHTH DEFENSE

Trails Carolina's actions with respect to Plaintiff, or any individuals he alleges were similarly situated to him, were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. §260.

## NINTH DEFENSE

Even if Plaintiff or any individuals whom he alleges were similarly situated to him were not paid and worked in excess of 40 hours in a work week, such additional time is *de minimis*.

## TENTH DEFENSE

Even if Trails Carolina failed to properly pay Plaintiff or any individuals he alleges were similarly situated to him for activities in excess of 40 hours per week, such activities are not an integral and indispensible part of their principal activities of employment and do not constitute compensable work.

## ELEVENTH DEFENSE

Even if Plaintiff or any individuals whom he alleges were similarly situated to him prevail, Trails Carolina is entitled to a setoff with regard to any monies paid to them for hours when they were not performing compensable work for Trails Carolina.

## TWELFTH DEFENSE

Plaintiff is not entitled to any penalty, multiplication of any damages, or extension of the applicable statute of limitations period because Trails Carolina did not willfully, knowingly, or intentionally fail to comply with the FLSA or any other applicable laws.

## THIRTEENTH DEFENSE

This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to punitive/liquidated damages as Trails Carolina did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

## FIFTEENTH DEFENSE

Plaintiff has failed to mitigate his alleged damages.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

WHEREFORE, Trails Carolina prays the Court:

1. That Plaintiff have and recover nothing of Trails Carolina;

2. That Plaintiff's Complaint be dismissed with prejudice;

3. That the costs of this action, including reasonable attorney's fees, be taxed against Plaintiff; and

4. For such other and further relief as the Court deems just and proper.

This the 14th day of November, 2016.

      BY: */s/ Stephen B. Williamson*
Stephen B. Williamson, NC State Bar #20203
Attorney for Defendant Trails Carolina, LLC
Van Winkle, Buck, Wall, Starnes and Davis, P.A.
11 North Market Street
Asheville, NC 28801
Telephone: (828) 258-2991
Facsimile: (828) 255-0255
Email: swilliamson@vwlawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned counsel has this date electronically filed the foregoing *Answer* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record that have made an appearance in this case.

This the 14th day of November, 2016.

      BY: */s/ Stephen B. Williamson*
Stephen B. Williamson