UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
File No.: 1:16cv00318

JUSTIN LEWIS,

                                    Plaintiff,

v.

TRAILS CAROLINA, LLC,

                                    Defendant.

**BRIEF IN SUPPORT OF THE JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ALL CLAIMS WITH PREJUDICE**

## I. INTRODUCTION

By their Joint Motion, Plaintiff Justin Lewis and Defendant TRAILS Carolina, LLC (together, with Plaintiff, the "Parties") hereby seek Court approval of the settlement they have reached in this matter, as reflected in the Joint Motion for Approval of Settlement and Dismissal of All Claims with Prejudice filed contemporaneously herewith.

## II. BACKGROUND

Plaintiff filed a Collective Action Complaint on September 27, 2016 against Defendant alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). (DN 1). The Complaint states that he brought this lawsuit as an opt-in collective action pursuant to 29 U.S.C. § 216(b). (DN 1, p 3). To become a

member of an opt-in class, an employee must "give[] his consent in writing to become such a party," and counsel for the class representative must file the written consent "in the court in which such action is brought." 29 U.S.C. § 216(b). Mr. Lewis is the only employee who consented to become a plaintiff in this action.

Defendant subsequently filed its Answer denying Plaintiff's claims and asserting numerous affirmative defenses, including, without limitation, that Plaintiff had been paid in compliance with 29 U.S.C. § 207 and that Defendant had been incompliance with the FLSA at all times. (DN 9). As set forth in the affidavits of Jeremy Whitworth, Program Director for TRAILS, and Plaintiff (i.e. Exhibits A and B to the Joint Motion for Approval of Settlement), the parties engaged in extensive settlement discussions and negotiations prior to determining an agreeable settlement of Plaintiff's claims. These negotiations consisted of the following:

> (a) Defendant calculated proposed settlement figures based upon Plaintiff's timesheets and pay rate documentation. Plaintiff and his counsel discussed Plaintiff's hours and pay rate, and formulated their own figures.
>
> (b) The parties then engaged in numerous settlement discussions relying, in part, upon their independent calculations.

As a result of the foregoing process, the Parties have now agreed to a resolution of this matter as provided in the Settlement Agreement. The Parties' Settlement Agreement contains terms and conditions that are subject to a confidentiality

provision. To maintain the agreed-upon confidentiality of the Parties' Settlement Agreement, the Parties have requested that the Court grant them leave to file a copy of the Settlement Agreement under seal and have submitted the Settlement Agreement via Cyberclerk in connection with their Joint Motion to File Under Seal.

### III. ARGUMENT

A. The Settlement Agreement is fair and reasonable and should be approved.

Proposed settlements in FLSA collective actions generally require court approval because private settlement will not effectuate a valid release. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) ("[T]here is a judicial prohibition against the unsupervised waiver or settlement of [FLSA] claims."), superseded on other grounds by regulation, 73 Fed. Reg. 67987 (Nov. 17, 2008), as recognized in *Whiting v. Johns Hopkins Hosp.*, 416 Fed. App'x. 312 (4th Cir. 2011); *Howell v. Dolgencorp, Inc.*, No. 2:09-CV-41, 2011 WL 121912, at *1 (N.D. W. Va. Jan. 13, 2011) ("[C]laims for unpaid wages arising under the FLSA may be settled or compromised only with the approval of the District Court or the Secretary of Labor."); *Browne v. The Pantry, Inc.*, No. 1:11-cv-587, 2011 WL 5119263, at *2 (M.D.N.C. Oct. 28, 2011) (noting that FLSA cases "cannot be settled without a court finding that the settlement is fair and reasonable") (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Under a private FLSA enforcement action, district courts may approve settlements when the settlement proposed by the parties constitutes a reasonable compromise of the parties' bona fide dispute. *Lynn's Food Stores*, 679 F.2d at 1353; *see also In re Dollar General Stores FLSA Litig.*, 5:09-MD-1500, 2011 WL 3904609, at *2 (E.D.N.C. Aug. 23, 2011) (citations omitted). Although there is no predetermined set of factors that a court must consider when assessing a settlement under the FLSA, "courts generally consider: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who represented the plaintiff; (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery." 5:09-MD-1500, 2011 WL 3904609, at *2 (E.D.N.C. Aug. 23, 2011) (citations omitted). Consideration of these factors establishes that the parties' settlement is fundamentally fair and should be approved.

The present settlement was the product of arm's length negotiations by experienced counsel and has the salutary effect of: (1) providing meaningful monetary relief to Plaintiff, and (2) eliminating inherent risks both sides would bear if this complex litigation continued to resolution on the merits. Specifically, it is unclear that Plaintiff would have been able to establish his claim that he worked certain hours and was not compensated for the time. Defendant denied Plaintiff's

claim, but if Plaintiff had prevailed, Defendant would have had significant litigation expenses and also been required to compensate Plaintiff for unpaid wages, liquidated damages, and potentially attorney's fees.

Ultimately, the Parties were able to bridge a significant gap between their respective settlement positions and advanced the matter toward a final resolution. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores*, 679 F.2d at 1354 (recognizing courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness); see also *In re Dollar General Stores FLSA Litig.*, 2011 WL 3904609, at *2 ("There is a presumption in favor of approving a settlement as fair, but court review is appropriate to ensure fairness to the parties."). Accordingly, the Settlement Agreement should be approved and the case dismissed.

## IV. CONCLUSION

For all the foregoing reasons, the Parties respectfully request that their Joint Motion for Approval of Settlement and Dismissal of All Claims be granted and that the Court dismiss the case with prejudice.

THIS the 11th day of July, 2017.

BY:  *s/ Stephen B. Williamson*
Stephen B. Williamson
NC Bar #20203
Van Winkle, Buck, Wall,
Starnes & Davis, P.A.
11 N. Market St.
Asheville, NC 28801
Telephone: (828) 258-2991
Facsimile: (828) 255-0255
Email: swilliamson@vwlawfirm.com
*Attorney for TRAILS Carolina, LLC*

BY:  *s/ Ben C. Scales, Jr.*
Ben C. Scales, Jr.
NC Bar #34873
P.O. Box 7382
Asheville, NC 28802
Telephone: (863) 529-8312
Email: ben_scales@yahoo.com

BY:  *s/ Robert Aranda*
Robert Aranda
FL Bar #988324
Valenti Campbell Trohn Tamayo & Aranda, P.A.
P.O. Box 2369
Lakeland, FL 33806
Telephone: (863) 686-0043
Facsimile: (863) 616-1445
Email: r.aranda@vctta.com
         c.harris@vctta.com
*Attorneys for Justin Lewis*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of July, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record that have made an appearance in this case.

                        BY:   *s/ Stephen B. Williamson*
                                  Stephen B. Williamson