UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
File No.: 1:16cv00318

JUSTIN LEWIS,

                              Plaintiff,

v.

TRAILS CAROLINA, LLC,

                             Defendant.

**BRIEF IN SUPPORT OF JOINT MOTION FOR LEAVE TO FILE SETTLEMENT AGREEMENT UNDER SEAL**

**I. INTRODUCTION**

By their Joint Motion, Plaintiff Justin Lewis and Defendant TRAILS Carolina, LLC (together, with Plaintiff, the "Parties") hereby seek Court approval of their Joint Motion to File Settlement Agreement Under Seal filed contemporaneously herewith.

**II. BACKGROUND**

Plaintiff filed a Collective Action Complaint on September 27, 2016 against Defendant alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). (DN 1). The Complaint states that he brought this lawsuit as an opt-in collective action pursuant to 29 U.S.C. § 216(b). (DN 1, p 3). To become a member of an opt-in class, an employee must "give[] his consent in writing to

become such a party," and counsel for the class representative must file the written consent "in the court in which such action is brought." 29 U.S.C. § 216(b). Mr. Lewis is the only employee who consented to become a plaintiff in this action.

Defendant subsequently filed its Answer denying Plaintiff's claims and asserting numerous affirmative defenses, including, without limitation, that Plaintiff had been paid in compliance with 29 U.S.C. § 207 and that Defendant had been incompliance with the FLSA at all times. (DN 9). As set forth in the affidavits of Jeremy Whitworth and Plaintiff (i.e. Exhibits A and B to the Joint Motion for Approval of Settlement), the parties engaged in extensive settlement discussions and negotiations prior to determining an agreeable settlement of Plaintiff's claims. These negotiations consisted of the following:

> (a) Defendant calculated proposed settlement figures based upon Plaintiff's timesheets and pay rate documentation. Plaintiff and his counsel discussed Plaintiff's hours and pay rate, and formulated their own figures.
>
> (b) The parties then engaged in numerous settlement discussions relying, in part, upon their independent calculations.

As a result of the foregoing process, the Parties have now agreed to a resolution of this matter as provided in the Settlement Agreement. The Parties' Settlement Agreement contains terms and conditions that are subject to a confidentiality provision, and the confidentiality provision was a material term of the Parties'

negotiations. To maintain the agreed-upon confidentiality of the Parties' Settlement Agreement, the Parties have requested that the Court grant them leave to file a copy of the Settlement Agreement under seal and have submitted the Settlement Agreement via Cyberclerk in connection with their Joint Motion to File Under Seal.

### III. ARGUMENT

**A. The Court should exercise its discretion to seal the settlement agreement.**

Proposed settlements in FLSA collective actions generally require court approval because private settlement will not effectuate a valid release. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) ("[T]here is a judicial prohibition against the unsupervised waiver or settlement of [FLSA] claims."), superseded on other grounds by regulation, 73 Fed. Reg. 67987 (Nov. 17, 2008), as recognized in *Whiting v. Johns Hopkins Hosp.*, 416 Fed. App'x. 312 (4th Cir. 2011); *Howell v. Dolgencorp, Inc.*, No. 2:09-CV-41, 2011 WL 121912, at *1 (N.D. W. Va. Jan. 13, 2011) ("[C]laims for unpaid wages arising under the FLSA may be settled or compromised only with the approval of the District Court or the Secretary of Labor."); *Browne v. The Pantry, Inc.*, No. 1:11-cv-587, 2011 WL 5119263, at *2 (M.D.N.C. Oct. 28, 2011) (noting that FLSA cases "cannot be settled without a court finding that the settlement is fair and reasonable") (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Fourth Circuit has not addressed in what circumstances a Settlement Agreement may be sealed. However,

the Eastern and Middle District of North Carolina have considered the issue and reached opposite conclusions. *Compare In re Dollar Gen. Stores FLSA Litig.*, No. 5:09-MD-1500, 2011 WL 3703175, at *2 (E.D.N.C. Aug. 23, 2011) (permitting limited sealing where confidentiality was a material term of the settlement agreement), and *Browne v. The Pantry, Inc.*, No. 1:11-CV-587, 2011 WL 5119263, at *1 (M.D.N.C. Oct. 28, 2011) (concluding that the parties failed to establish any grounds that would allow them to overcome the public's presumed right of access). The District of South Carolina has sealed an FLSA settlement as a matter of course without offering any rationale for doing so. *Claffey et al v. K-Mart Corp.*, 2:12-cv-01173 (Doc. Nos. 18 & 19).

North Carolina precedent recognizes that there is a strong presumption favoring public access to all judicial records and documents. However, the presumption of access is not absolute, and a court has discretion to determine whether a document shall be sealed. *See In re Dollar Gen. Stores FLSA Litig.*, No. 5:09-MD-1500, 2011 WL 3703175, at *2 (citing *Virginia Dep't of State Police v. Washington Post*, 386 F .3d 567, 575 (4th Cir. 2004)). The presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access, and [t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption . . . Some of the factors to be weighed in the common law balancing test include whether the records

are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* (citation and quotation omitted).

The present settlement was the product of arm's length negotiations by experienced counsel and confidentiality was material term in these negotiations. It is unclear that either party would have prevailed in a trial of this case. TRAILS Carolina is a relatively small employer, and its settlement of Plaintiff's claims is not likely to be of any meaningful interest to the public or of historic significance to the public at large. For these reasons, the Settlement Agreement should be sealed.

## IV. CONCLUSION

For all the foregoing reasons, the Parties respectfully request that their Joint Motion to Seal be granted.

THIS the 11th day of July, 2017.

| | |
|---|---|
| BY: *s/ Stephen B. Williamson*<br>Stephen B. Williamson<br>NC Bar #20203<br>Van Winkle, Buck, Wall,<br>Starnes & Davis, P.A.<br>11 N. Market St.<br>Asheville, NC 28801<br>Telephone: (828) 258-2991<br>Facsimile: (828) 255-0255<br>Email:<br>swilliamson@vwlawfirm.com<br><br>*Attorney for TRAILS Carolina, LLC* | BY: *s/ Ben C. Scales, Jr.*<br>Ben C. Scales, Jr.<br>NC Bar #34873<br>P.O. Box 7382<br>Asheville, NC 28802<br>Telephone: (863) 529-8312<br>Email: ben_scales@yahoo.com<br><br>BY: *s/ Robert Aranda*<br>Robert Aranda<br>FL Bar #988324<br>Valenti Campbell Trohn Tamayo<br>& Aranda, P.A.<br>P.O. Box 2369<br>Lakeland, FL 33806<br>Telephone: (863) 686-0043<br>Facsimile: (863) 616-1445<br>Email: r.aranda@vctta.com<br>c.harris@vctta.com<br><br>*Attorneys for Justin Lewis* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record that have made an appearance in this case.

BY: *s/ Stephen B. Williamson*
Stephen B. Williamson