| State of North Carolina | } | CONFIDENTIAL SETTLEMENT |
| | } | AGREEMENT AND |
| County of _____ | } | RELEASE OF ALL CLAIMS |

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS (hereinafter the "AGREEMENT") is made and entered into by and between Justin Lewis (hereinafter "EMPLOYEE") and TRAILS Carolina LLC, (hereinafter "EMPLOYER," and hereinafter collectively referred to as the "PARTIES") as of June _____, 2017 (hereinafter the "EFFECTIVE DATE").

# Recitals

WHEREAS, EMPLOYEE filed a civil action against EMPLOYER in the United States District Court for the Western District of North Carolina, captioned *Justin Lewis v. TRAILS Carolina LLC*, No. 1:16-cv-00318-MR-DLH (hereinafter the "CIVIL ACTION"), asserting various claims; and

WHEREAS, EMPLOYER has denied and continues to deny all claims asserted by EMPLOYEE; and

WHEREAS, EMPLOYER and EMPLOYEE desire to avoid the cost and uncertainty of litigation and, without admission of fault by anyone, desire to enter into this AGREEMENT to fully and finally resolve all disputes between them.

NOW, THEREFORE, in consideration of the premises above and the mutual covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the PARTIES hereto, and for their heirs, successors, and assigns, agree as follows:

I.     EMPLOYER'S OBLIGATIONS

    A.     PAYMENT

         EMPLOYER shall pay or cause to be paid the sum of Twenty-Three Thousand and 00/100 ($23,000.00) Dollars (hereinafter the "SETTLEMENT SUM") to EMPLOYEE on the terms set forth herein. The payment in three sums, and the amounts allocated to each sum, were determined by, and paid at the direction of, EMPLOYEE.

II.     SETTLEMENT SUM PAYABLE IN THREE PORTIONS AS FOLLOWS

         Within thirty days of the EFFECTIVE DATE, EMPLOYER shall pay the SETTLEMENT SUM in three separate amounts as follows:

    A.     **Wages Payment**

         The sum of Six Thousand Five Hundred and 00/100 ($6,500.00) Dollars (hereinafter the "WAGES PAYMENT") resolves all of EMPLOYEE'S claims for wages, and EMPLOYER shall withhold the usual payroll withholding from this

amount. The WAGES PAYMENT, less the withholding, shall be delivered to Robert J. Aranda (hereinafter "ATTORNEY") and payable to "EMPLOYEE."

B.  **Non-Wage Payment**

   The sum of Six Thousand Five Hundred and 00/100 ($6,500.00) Dollars (hereinafter the "NON-WAGE PAYMENT") resolves all of EMPLOYEE'S claims for anything and everything that is not wages. The NON-WAGE PAYMENT shall be delivered to ATTORNEY and payable to "EMPLOYEE."

C.  **Attorneys' Fees & Costs Payment**

   The sum of Ten Thousand and 00/100 ($10,000.00) Dollars (hereinafter the "ATTORNEY'S FEES & COSTS PAYMENT") resolves any and all remaining claims, whether for wages or non-wages, and is paid at EMPLOYEE'S instruction. The ATTORNEY'S FEES & COSTS PAYMENT shall be delivered to ATTORNEY and payable to "ATTORNEY Trust Account and EMPLOYEE."

II. **EMPLOYEE'S OBLIGATIONS AND AGREEMENTS**

   A.  **RELEASE OF ALL CLAIMS**

   For and in consideration of the payment to EMPLOYEE of the SETTLEMENT SUM, EMPLOYEE releases and discharges, and by these presents does for himself, his heirs, administrators, and assigns, release, acquit, and forever discharge EMPLOYER and its members, managers, officers, affiliates, parent and subsidiary entities, insurers, representatives, employees, successors, and assigns (hereinafter the "RELEASED PARTIES"), of and from any and all actions, causes of action, claims, claims for relief and/or demands in any way growing out of, related to, or arising out of his employment with, or the termination of his employment with, EMPLOYER including, but not limited to, any claims made or which could have been made before the Equal Employment Opportunity Commission, the NC Department of Labor, and/or the US Department of Labor.

   B.  **WITHDRAWL OF ALL CLAIMS/PROCEEDINGS AND COVENANT NOT TO PURSUE**

   EMPLOYEE hereby affirms that, except for the CIVIL ACTION, there are no other outstanding administrative or judicial proceedings or actions against EMPLOYER to which he is a party, and that he has no outstanding charges, complaints, claims, or actions against EMPLOYER.

   EMPLOYEE covenants not to file or otherwise assert any claims against the RELEASED PARTIES in any legal or administrative forum except with regard to enforcement of this AGREEMENT. In the event that there is outstanding any such other proceeding, action, charge, complaint, or claims filed against one or more of the RELEASED PARTIES by or on behalf of EMPLOYEE, EMPLOYEE agrees to cause the immediate withdrawal and dismissal with prejudice of each said proceeding, action, charge, complaint, or claim and/or to advise any administrative

agency that any matter pending before it has been resolved to his satisfaction and to request that any charge be withdrawn and the matter closed by the agency.

EMPLOYEE agrees that this AGREEMENT shall also apply to those claims which have been or may be made by any other person or organization on his behalf. EMPLOYEE specifically waives any right to become, and promises not knowingly to become, a member of any class in a case in which any claim(s) arising out of his employment with EMPLOYER is asserted against the RELEASED PARTIES. If EMPLOYEE is named as a member of any class in a case in which any claim(s) arising out of her employment with EMPLOYER is asserted against the RELEASED PARTIES, he will immediately withdraw from such class.

C.  **INJURY AND INDEMNIFICATION**

EMPLOYEE hereby acknowledges that the RELEASED PARTIES dispute any claims that he has made for past or future wages. EMPLOYEE hereby asserts that the Settlement Sum is in compensation for his claims and further asserts that no income taxes are due or should be withheld.

EMPLOYEE acknowledges and understands that an Internal Revenue Service Form 1099 for miscellaneous payment during 2016 will be issued to him for the second and third portions of the SETTLEMENT SUM (contained in Paragraphs I(A)(1)(b) and I(A)(1)(c) of this AGREEMENT). EMPLOYEE agrees and understands that neither EMPLOYER nor anyone employed by or representing it has made, and he does not rely upon, any representations regarding the tax treatment of the second and third portions of the SETTLEMENT SUM paid pursuant to this AGREEMENT, and agrees that he is solely responsible for determining the tax consequences of such payment and for paying taxes, if any, that may be owed with respect to such payment. In the event a claim for such taxes, and/or penalties and interest is asserted against EMPLOYER by any taxing authority, however, EMPLOYEE agrees to, and does hereby indemnify, defend, and hold EMPLOYER harmless against any and all tax liability, interest, fees, costs and/or penalties incurred with respect to sums paid pursuant to this AGREEMENT.

EMPLOYEE agrees that he is solely responsible for, and legally bound to make payment of any and all income taxes (including penalties and interest related thereto) related to, resulting from or arising out of the payment of the SETTLEMENT SUM to the extent that such taxes are determined to be owed by any taxing authority.

D.  **NO EMPLOYMENT WITH EMPLOYER**

EMPLOYEE acknowledges and agrees that he will not apply for re-employment with EMPLOYER or its parents, affiliates, or subsidiaries, for any reason ever again and, if for any reason he should become employed by EMPLOYER, he agrees that such employment shall not in any manner waive or void this AGREEMENT and EMPLOYEE further agrees to his immediate termination of any such employment with EMPLOYER.

E.  **ASSUMPTION OF THE RISK**

EMPLOYEE hereby acknowledges and assumes all risk, chance, or hazard that his damages or losses may be or become permanent, progressive, greater, or more extensive than is now known or anticipated. No promise or inducement which is not herein expressed has been made to him, and in executing this AGREEMENT he does not rely upon any statement or representation made by EMPLOYER concerning the nature, extent, or duration of her damages or losses, or the legal liability therefore.

F.  **WARRANTY OF NON-ASSIGNMENT**

EMPLOYEE represents and warrants to EMPLOYER that he has not assigned, sold, traded, bartered, or otherwise transferred any ownership or interest in the claims or rights being released herein to any person or entity not a party hereto.

III. **CONFIDENTIALITY AND NON-DISPARAGEMENT**

A.  **CONFIDENTIALITY**

The PARTIES, including Releasors' and Releasees' attorneys, further understand and agree that the terms and conditions of this AGREEMENT, including the SETTLEMENT SUM, total sum paid to EMPLOYEE under the terms of this AGREEMENT, and any communications between the PARTIES concerning the AGREEMENT, the negotiations thereof, and the alleged facts and circumstances giving rise to the claim (hereinafter the "CONFIDENTIAL INFORMATION"), are confidential and the confidentiality of the AGREEMENT is a material inducement to each party in the making of this settlement. Therefore, the PARTIES, including Releasors' and Releasees' attorneys, agree that neither they nor their executors, administrators, officers, employees, attorneys, agents, insurers and/or assigns will directly or indirectly publish, discuss or otherwise disclose the CONFIDENTIAL INFORMATION, except: (1) as authorized or directed by a court order from a court of competent jurisdiction; (2) to the parties' respective attorneys, accountants, auditors, tax advisors, financial planners, insurers and reinsurers; (3) in an action to enforce the terms of the AGREEMENT; (4) pursuant to written agreement between and among the parties; (5) to governmental regulatory authorities who seek information from EMPLOYEE but not otherwise; and/or (6) as otherwise required by law.

The PARTIES understand and agree that if they violate the terms of this confidentiality provision it may cause irreparable harm to the other parties to this AGREEMENT and that the amount of harm and damages will be difficult to ascertain. As a consequence, the PARTIES agree that each will have the right to seek an injunction (specifically including, but not limited to, a temporary restraining order from a court of competent jurisdiction to enjoin any violating party from violating the terms of this AGREEMENT. The PARTIES hereby stipulate and agree that they may obtain a temporary restraining order and preliminary injunction to prevent a violation or further violation of this AGREEMENT by the violating party without posting any bond or security. The PARTIES hereby stipulate and agree that any breach or threatened breach of this AGREEMENT will likely result in irreparable harm to the other parties to this AGREEMENT and that the non-

violating parties will be entitled to injunctive relief, in addition to all other remedies provided by this AGREEMENT or by law. The Parties stipulate and agree that Employer may pursue a claim for damages in a court of competent jurisdiction against Employee for violation of this provision and that the liquidated damages for Employee's breach is Eleven Thousand Five Hundred Dollars ($11,500.00).

Nothing contained in this section III.B is intended to prevent any party from making a disclosure or providing information if the party is required to make such disclosure or provide such information by operation of law. Moreover, nothing contained in this section III.B is intended to be contrary to the policies of any agency or board of the State of North Carolina. Finally, nothing contained in this section III.B is intended to prevent any party from cooperating with law enforcement and/or state regulatory agencies who seek information from said party but not otherwise.

### B. NON-DISPARAGEMENT

EMPLOYEE agrees not to make, or knowingly encourage any other person to make, any public or private statement or comment, whether written or oral, that disparages, defames, is dishonest about, is untruthful or misrepresents EMPLOYER, and/or its parent and subsidiary entities, its affiliates, or any of their officers, directors or employees. EMPLOYEE further agrees not to post any comments about EMPLOYER, and/or its parent and subsidiary entities, its affiliates, or any of their officers, directors or employees on the internet or discussing CONFIDENTIAL INFORMATION on social media, internet websites, internet chat rooms, or any other media or publication source. Neither shall EMPLOYEE offer any negative opinion or untrue statement of fact, whether written or oral, about EMPLOYER, and/or its parent and subsidiary entities, and its affiliates, or any of their officers, directors or employees which could reasonably be expected to adversely affect the personal and professional reputation of EMPLOYER, and/or its parent and subsidiary entities, and its affiliates, or any of their officers, directors or employees. The PARTIES agree and acknowledge that this provision is a material term of this AGREEMENT, the absence of which would have resulted in EMPLOYER refusing to enter into this AGREEMENT. The PARTIES further agree if asked about the mater or the CIVIL ACTION, the only acceptable response shall be "this matter has been resolved."

The PARTIES understand and agree that if they violate the terms of this confidentiality provision it may cause irreparable harm to the other parties to this AGREEMENT and that the amount of harm and damages will be difficult to ascertain. As a consequence, the PARTIES agree that each will have the right to seek an injunction (specifically including, but not limited to, a temporary restraining order from a court of competent jurisdiction to enjoin any violating party from violating the terms of this AGREEMENT. The PARTIES hereby stipulate and agree that they may obtain a temporary restraining order and preliminary injunction to prevent a violation or further violation of this AGREEMENT by the violating party without posting any bond or security. The PARTIES hereby stipulate and agree that any breach or threatened breach of this AGREEMENT will likely result in irreparable harm to the other parties to this AGREEMENT and that the non-violating parties will be entitled to injunctive relief, in addition to all other remedies

provided by this AGREEMENT or by law. The Parties stipulate and agree that Employer may pursue a claim for damages in a court of competent jurisdiction against Employee for violation of this provision and that the liquidated damages for Employee's breach is Eleven Thousand Five Hundred Dollars ($11,500.00).

## IV.   NO ADMISSION OF LIABILITY

The PARTIES acknowledge and agree that this AGREEMENT is the compromise of a doubtful and disputed claim, and that it is not to be construed as an admission of liability on the part of EMPLOYER, by whom liability is expressly denied.

## V.   GOVERNING LAW

This AGREEMENT shall be governed by and construed in accordance with the laws of the State of North Carolina in all respects, including all matters of construction, validity and performance.

## VI.   SEVERABILITY

If any term or provision of this AGREEMENT, or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this AGREEMENT, or the application of such term or provision to persons or circumstances other than those to which it is held invalid or unenforceable, shall not be affected thereby; and each such term and provision of this AGREEMENT shall be valid and be enforced to the fullest extent permitted by law.

## VII.   ENTIRE AGREEMENT

This AGREEMENT contains the ENTIRE AGREEMENT between the PARTIES hereto, all prior negotiations and/or agreements are merged into this document and the terms contained herein are contractual and not a mere recital.

## VIII.   ACKNOWLEDGMENT OF REPRESENTATION

This AGREEMENT is entered into freely and voluntarily. The PARTIES acknowledge that they have been represented by attorneys of their own choice in the negotiations that preceded the execution of this AGREEMENT and in connection with its preparation and execution.

## IX.   NO ORAL MODIFICATION

No supplement, modification, waiver, or amendment with respect to this AGREEMENT shall be binding unless executed in writing by the party against whom enforcement thereof is sought.

IN WITNESS WHEREOF, the PARTIES have caused this AGREEMENT to be signed and their corporate seal to be affixed as set forth below.

EMPLOYER

BY: _____
Graham Shannonhouse
Executive Director, TRAILS Carolina, LLC

EMPLOYEE

BY: _____
Justin Lewis

Counsel for EMPLOYER

_____
Stephen B. Williamson
The Van Winkle Law Firm
11 N. Market Street
Asheville, NC 28801
(828) 258-2991

Counsel for EMPLOYEE

_____
Robert J. Aranda
Valenti Campbell Trohn Tamayo & Aranda
1701 S. Florida Ave.
Lakeland, Florida 33803
(863) 686-0043

STATE OF _____

COUNTY OF _____

      I, _____ a Notary Public of said County and State, hereby certify that EMPLOYEE personally appeared before me this day and acknowledged the due execution of the foregoing Agreement.

      Witness my hand and notary seal this _____ day of June, 2017.

                                                                                                     Notary Public

My Commission Expires: _____